10-2505-cv
Centro de la Comunidad Hispana v. Town of Oyster Bay

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of April, two thousand eleven.

PRESENT: BARRINGTON D. PARKER,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.
*Circuit Judges.*

----------------------------------------------------------------------

CENTRO DE LA COMUNIDAD HISPANA DE LOCUST
VALLEY and THE WORKPLACE PROJECT,
*Plaintiffs-Counter-Defendants-Appellees*,

v.                    No. 10-2505-cv

TOWN OF OYSTER BAY and JOHN VENDITTO, Town
Supervisor of the Town of Oyster Bay,
*Defendants-Counter-Claimants-Appellants.*

----------------------------------------------------------------------

FOR APPELLANTS:      JONATHAN SINNREICH (Timothy F. Hill, *on the brief*), Sinnreich Kosakoff & Messina LLP, Central Islip, New York, Colin O'Donnell, Town of Oyster Bay, Oyster Bay, New York.

FOR APPELLEES:      COREY STOUGHTON (Arthur Eisenberg, Adriana Pinon, *on the brief*), New York Civil Liberties Union Foundation, New York, New York, Alan Levine, Christina Iturralde, LatinoJustice PRLDEF, New York, New York, Lee Gelernt, American Civil Liberties Union, New York, New York.

FOR AMICI:              Jessica Karp, National Day Laborer Organizing Network, Los Angeles, California.

Appeal from the United States District Court for the Eastern District of New York (Denis R. Hurley, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the ruling of the district court is AFFIRMED.

In 2009, the Town of Oyster Bay passed an ordinance prohibiting day laborers standing near a public right-of-way from stopping or attempting to stop vehicles to solicit work, and drivers from picking up such laborers. On May 18, 2010, two organizations of day laborers sued the Town and its Supervisor (together, "the Town") in the district court, seeking to enjoin the town from enforcing the ordinance on the ground that the ordinance violated their constitutional rights to free speech and equal protection of the laws. They immediately moved, on free-speech grounds only, for a temporary restraining order ("TRO") that would bar enforcement "until the hearing on [their] motion for preliminary injunction."

The next day, the district court heard argument but neither side presented evidence. On the day following that, the district court issued the requested TRO, finding, "by way of partial conclusion . . . on the limited information that is before me, . . . that the plaintiffs have established a substantial likelihood of success and . . . irreparable injury." The district court scheduled an evidentiary hearing on the preliminary injunction motion for May 28 and June 1, with the possibility of further sessions if necessary.

On May 25, the Town sought to bypass the hearing and convert the TRO into an appealable preliminary injunction. Although the plaintiffs initially opposed this request,

seeking instead to develop a record at a hearing, they ultimately acquiesced. Accordingly, the district court cancelled the scheduled hearings and entered a preliminary injunction as stipulated by the parties on June 1. The Town then appealed.

We have no jurisdiction to review the TRO, absent special circumstances not present here. See Romer v. Green Point Savings Bank, 27 F.3d 12, 15 (2d Cir. 1994). We do have jurisdiction over the second order, as an "interlocutory order[] . . . granting . . . [an] injunction[]," 28 U.S.C. § 1292(a)(1); see El Paso Natural Gas Co. v. Neztsosie, 526 U.S. 473, 482 (1999), but that order merely acceded to the Town's unopposed request to enjoin itself. We would be hard pressed to say that the district court abused its discretion in granting such a request, at least absent harm to unrepresented third parties or conflict with law or public policy (none of which are argued here).

Of course, the Town does not actually seek review only of the district court's acquiescence to its request; rather, it seeks a decision on the merits of the plaintiffs' claims. But, even assuming that we have discretion to reach back to the merits of the otherwise-unreviewable TRO, we do not have a proper record on which to address the merits. The entire record consists of a complaint, the transcripts of legal argument in the district court, the district court's order, and two affidavits that do little more than address the plaintiffs' standing to sue. The district court made no findings of fact and only tentative conclusions of law, in keeping with the rushed nature of an application for a TRO but contrasting with the requirements for a true preliminary injunction. See Fed. R. Civ. P. 52(a)(2). This gives us little ground to resolve any merits questions.

3

Although some preliminary injunction motions may be resolved without taking any evidence, see SEC v. Frank, 388 F.2d 486, 490 (2d Cir. 1968), this is not such a case. The Town raises two issues on appeal: (1) whether the ordinance in question bars "commercial speech related to illegal activity," Central Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York, 447 U.S. 557, 564 (1980); and (2) whether the ordinance is "narrowly tailored to achieve [its] desired objective," Bd. of Trustees of State Univ. of New York v. Fox, 492 U.S. 469, 480 (1989). On the first issue, the plaintiffs do not concede the illegality of their proposed employment either as a factual or legal matter, making the issue impossible to resolve without at least some minimal evidence. And we have previously noted that the second issue, narrow tailoring, usually demands a "fact specific and situation specific inquiry." Deegan v. City of Ithaca, 444 F.3d 135, 142 (2d Cir. 2006). Neither question is well suited to resolution without evidence.

We intend no criticism of the district court for granting the TRO without a developed factual record. Temporary restraining orders are "characteristically issued in haste . . . to forestall irreparable harm," which is one reason why they are generally "exempt from appellate review." Romer, 27 F.3d at 16. Nor can the district court be faulted for granting an unopposed motion to extend the TRO into a preliminary injunction. Where the appropriateness of such an injunction is contested, however, a district court can benefit from "a hearing that will illuminate the factual issues although probably not settling them." Frank, 388 F.2d at 419. Our review can benefit from such a hearing as well.

The Town argues that the district court "adopted, for purposes of its decision, every

4

ultimate factual contention that the Town proffered to prove at such a hearing," and asks us to review only the legal standards the district court employed. But even if we agree with the Town's characterization of the district court's ruling (the transcript of its decision is not so clear), that ruling would still not be fit for review. To accept the Town's invitation to assume a particular set of asserted but disputable facts would be to rule on abstract legal questions that may prove to be entirely hypothetical. The factual disputes would still have to be resolved on remand. For instance, a conclusion that the district court interpreted the "illegal activity" exception too narrowly, as the Town argues, would not defeat the plaintiffs' motion for a preliminary injunction. We would still have to remand for the very hearing that the Town sought to avoid, a hearing to determine, preliminarily, whether and to what degree the barred speech is "related to illegal activity." Central Hudson, 447 U.S. at 564. Likewise, a conclusion that the district court imposed the narrow-tailoring requirement too strictly would only set up a hearing under a different standard. In effect, we would be addressing difficult questions of constitutional law in an abstract way. After facts were found, the losing party could then appeal again, and we might well discover that it had not been necessary to reach those questions at all. A party may not compel this Court to address issues prematurely on an inadequate record by asking the judge to turn an unreviewable TRO into an appealable preliminary injunction, precisely to avoid a hearing that would illuminate what is at stake in this case.

Accordingly, we affirm the district court's decision to grant the Town's request to enter a preliminary injunction. We emphasize that the district court retains the power to

5

reconsider its order granting the preliminary injunction, upon request or *sua sponte*. We leave it to the parties and ultimately to the discretion of the district court whether the most efficient course is to leave the preliminary injunction in place and proceed to trial, to hold a preliminary injunction hearing as originally planned, or to "advance the trial on the merits and consolidate it with the hearing." Fed. R. Civ. P. 65(a)(2).

For the foregoing reasons, we AFFIRM the district court's order and REMAND for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6